UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REBECCA RICCIUTI,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CV_____ |
| GARRY GYZENIS,<br>EMILE GEISENHEIMER,<br>DAVID SMITH,<br>LAWRENCE MOON,<br>EDWARD KRITZMAN,<br>ROBERT NOLAN,<br>TOWN OF MADISON,<br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br><br>MAY 20, 2009 |

## C O M P L A I N T

1. This is an action claiming violation of the plaintiff's right to freedom of speech arising under the First Amendment to the United States Constitution. The plaintiff alleges she was fired from her employment as a police officer in the Town of Madison in retaliation for speaking out about matters of public concern.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and, 42 U.S.C. Section 1983.

3. The plaintiff was at all times relevant to this action an adult resident of the State of Connecticut.

4. Garry Gyzenis was at all times relevant to this action, and he remains, a member of the Madison Board of Police Commissioners. He is sued in his individual capacity only.

5. Emile Geisenheimer was at all times relevant to this action, and he

1

remains, a member of the Madison Board of Police Commissioners. He is sued in his individual capacity only.

6. David Smith was at all times relevant to this action, and he remains, a member of the Madison Board of Police Commissioners. He is sued in his individual capacity only.

7. Lawrence Moon was at all times relevant to this action, and he remains, a member of the Madison Board of Police Commissioners. He is sued in his individual capacity only.

8. Edward Kritzman was at all times relevant to this action, and he remains, a member of the Madison Board of Police Commissioners. He is sued in his individual capacity only.

9. Robert F. Nolan was at all times relevant to this action, and he remains, acting chief of police of the Madison Police Department. He is sued in his individual capacity only.

10. The Town of Madison is a municipal corporation organized and operating under the laws of the State of Connecticut. It maintains a police department government through a Board of Police Commissioners to protect and serve residents of the Town of Madison.

11. The plaintiff was hired by the Madison police department in January 2008 and given the rank of Grade A patrol officer, a non-probationary position. At the time of her hiring, she was told she could expect rapid promotion through the ranks of the department.

12. Shortly after joining the Madison police department, the plaintiff noticed a

pervasive pattern of police misconduct and incompetence among officers on the force, including a policy of unlawfully interrogating juveniles, intentional abuse of overtime by senior officers attempting to pad their pensions; inadequate police training; mismanagement of personnel; and, mismanagement of evidence seized as a result of suspected criminal activity.

14. The aforesaid issues are matters of public concern.

15. The plaintiff attempted to discuss these issues with the management of the Madison police department, but no action was taken regarding her complaints and concerns about unprofessional conduct.

16. When it became apparent that neither acting chief Nolan nor the senior officers under his command had any intention of addressing the aforesaid issues, the plaintiff shared her concerns with individuals who were neither members of the police department nor members of the board of police commissioners, turning, in particular, to town residents Walter Lippmann, a retired New York police officer, and Michael Haynes, a former chairman of the Madison Republican town committee. Her intention was to call public attention to the aforesaid issues. The plaintiff made her concerns known to persons outside the police department in late February 2009.

17. Immediately after taking her concerns about mismanagement and malfeasance in the Madison police department to persons outside the department, defendant Nolan caused the plaintiff to be brought up on unspecified charges by means of an internal affairs complaint. The plaintiff was never charged with any act of malfeasance or any violation of her duties and responsibilities as a police officer.

18. The plaintiff was compelled to attend an internal affairs interview at which

time she was asked about to whom she had spoken about her concerns involving the Madison police department. The plaintiff made clear that she had spoken to persons outside the police department about issues of public concern.

19. During her internal affairs interview, the plaintiff discussed an overtime matrix she and another member of the department had developed. This matrix documented excess overtime payments to senior officers in 2008 of at least $106,000. The matrix documented concerns that officers close to retirement were being paid unnecessary and excess overtime as a means of boosting their salaries during their final years of employment. In so doing, these same officers were seeking higher retirement pensions as base retirement pay is calculated based on average salary during the final years of employment with the department.

20. Upon information and belief, this overtime matrix was also shared with Madison's first selectmen and with one or more members of the board of finance.

21. After the internal affairs interrogation at which the plaintiff discussed the overtime matrix and other information about malfeasance, she was on May 1, 2009, offered a chance to remain employed as a probationary employee if she would refrain from making allegations about the Madison police department and undergo counseling.

22. The plaintiff was not hired as a probationary employee and there is no provision in the union contract that warrants transforming a non-probationary employee into a probationary employee.

23. The May 1, 2009, probationary performance plan was, in fact, an intentional device designed and intended to silence the plaintiff and to keep her from raising issues of public concern to persons outside of the Madison police department.

24. When the plaintiff refused to agree to the probationary plan and to refrain from speaking out on matters of public concern, she was fired by a unanimous and secret vote of the board of police commissioners acting as the final policy makers for the Town of Madison. The plaintiff was dismissed on May 8, 2009.

25. Upon information and belief, the board acted at the request and upon the urging of defendant Nolan.

26. Throughout her employment as a police officer in the Town of Madison, the plaintiff performed her duties in a satisfactory manner, and neither received any unfavorable review nor any adverse criticism of her work as a police officer.

27. The acts of each defendant were intentional and inspired by malice and by a desire to silence the plaintiff lest public confidence in the department be further eroded.

28. As a direct and proximate result of the acts and omissions complained of herein, the plaintiff suffered anxiety, humiliation, loss of reputation in the community, ascertainable economic loss and the violation of her rights under the First Amendment to the United States Constitution.

WHEREFORE, the plaintiff seeks damages as follows:

    a. Compensatory damages in an amount no less than $500,000;

    b. Punitive damages against the individually named defendants only in an amount no less than $1,000,000;

    c. Attorney's fees and costs arising under Section 42 U.S.C. Section 1988;

    d. Such other relief as this Court deems fair and equitable.

## **JURY CLAIM**

The plaintiff claims trial by jury in this matter.

                THE PLAINTIFF

                By_____
                      NORMAN A. PATTIS
                      JOHN GEIDA
                      649 Amity Road
                      Bethany, CT 06524
                      203.393.3017
                      203.393.9745 (fax)
                      ct 13120